**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**December 17, 2024**

_____

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RAYDELL BILLY,

    Defendant - Appellant.

No. 23-2097
(D.C. No. 1:22-CR-00884-KWR-1)
(D. N.M.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **TYMKOVICH**, **SEYMOUR**, and **EID**, Circuit Judges.
_____

Raydell Billy was charged and convicted by a jury for assault with a dangerous

weapon in violation of 18 U.S.C. §§ 1153, 113(a)(3). The district court instructed the jury

on the elements and definitions of assault with a dangerous weapon, but during

deliberations the jury sent a note requesting clarification about the meaning of the term

"assault." After hearing from the parties and over Mr. Billy's objection, the district court

provided the jury with a definition of assault based on Tenth Circuit Criminal Pattern

Jury Instruction 2.09. Thereafter, the jury convicted Mr. Billy of assault with a dangerous

---

[*]This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

weapon. His timely appeal seeks to have his conviction vacated, arguing the district court abused its discretion when it provided the jury with the definition of assault.

## I.    Background

On April 11, 2022, Mr. Billy, his older sister Raynorma Billy ("Raynorma"), and his uncle Alvin White, drove to the house of Mr. Billy's younger sister Raymona Billy ("Raymona") to confront Raymona's boyfriend, Erwin Williams, for allegedly abusing her. Upon arriving Raynorma knocked on the door and she, Mr. White, and Mr. Billy entered the house when Raymona opened the door.

Raynorma found Mr. Williams in the bedroom, and Mr. Billy soon joined her. Raynorma began hitting Mr. Williams in the face with her fists. The altercation scared Raymona's five-year-old son, who started to cry. Raymona took the boy into the living room, and Raynorma followed. At some point, Mr. White joined Mr. Williams and Mr. Billy in the bedroom.

Mr. White and Mr. Williams hit each other. Mr. Billy, holding a gun, demanded Mr. Williams's wallet and car keys. When Mr. Williams refused, Mr. Billy used his gun to strike Mr. Williams on the back of his head. He then left.

A grand jury indicted Mr. Billy, Mr. White, and Raynorma on one count of conspiracy, one count of assault with a dangerous weapon, and aiding and abetting. Mr. White and Raynorma pled guilty. Thereafter the government filed a superseding indictment against Mr. Billy to add a charge of discharging a firearm during and in furtherance of a crime of violence. The government dismissed the conspiracy charge and proceeded to trial on one count of assault with a dangerous weapon in violation

2

of 18 U.S.C. § 113(a)(3), and one count of discharging a firearm during and in furtherance of a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 924(c)(1)(C)(i).

At the close of evidence, the district court instructed the jury. It specifically instructed as follows on the elements required for conviction for assault with a dangerous weapon.

> INSTRUCTION 11
>
> The defendant is charged in Count 1 of the Superseding Indictment with assault with a dangerous weapon, in violation of 18 U.S.C. Sections 1153 and 113(a)(3). To find the defendant guilty of this Crime, you must be convinced the government has proved each of the following beyond a reasonable doubt.
>
> *First, the defendant intentionally assaulted* John Doe;
>
> [S]econd, the assault was done with the use of a dangerous weapon;
>
> [T]hird, the assault was done with the intent to commit bodily harm;
>
> [F]ourth, the defendant is an Indian; and,
>
> [F]ifth, the incident occurred in Indian Country in the District of New Mexico.
>
> The term "deadly or dangerous weapon" includes any object capable of inflicting death or serious bodily injury. For such a weapon to have been used, the Government must prove that the defendant not only possessed the weapon, but that the defendant intentionally displayed it in some manner while forcibly assaulting the victim.
>
> The term "bodily injury" means an injury that is painful and obvious or is of a type for which medical attention ordinarily would be sought.

Supp. Rec., vol. II (transcripts) at 166–67 (emphasis added).

3

After deliberating for a few hours, the jury sent the following note: "In Count #1, does the 'assault' refer to the brandishing of the weapon or specifically the action of pistol-whipping or both?" *Id.* at 189. The district court suggested using the definition of assault from the Tenth Circuit Criminal Pattern Jury Instruction 2.09 and heard argument from the parties.

The government argued for an additional instruction, and Mr. Billy contended that the Instructions given were sufficient. The district court ultimately provided the following answer to the jury: "Assault means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so." *Id.* at 192. The government had no objection. Although Mr. Billy admitted it seemed "reasonable," he nonetheless maintained his objection to providing any new instruction to the jury and said that he wanted to preserve the issue for appeal. *Id.* at 191. The district court overruled the objection while noting that it was "preserved for the record." *Id.* at 192. The jury was then given the clarifying statement.

The next day, the jury found Mr. Billy guilty of assault with a dangerous weapon. The district court sentenced him to imprisonment for ninety months and supervised release for three years. This timely appeal followed.

## II.    Analysis

When reviewing jury instructions, we review the district court's decision to give a particular jury instruction for abuse of discretion, while reviewing the instructions as a whole de novo to determine whether they accurately informed the jury of the governing law. *United States v. Sharp*, 749 F.3d 1267, 1280 (10th Cir.

4

2014) (quoting *United States v. Toledo*, 739 F.3d 562, 567 (10th Cir. 2014)). "A district court's actions in responding to questions from the jury, as well as supplemental instructions given to the jury, are reviewed for abuse of discretion." *Allen v. Minnstar, Inc.*, 97 F.3d 1365, 1370 (10th Cir. 1996). "A district court abuses its discretion when its decision is 'arbitrary, capricious or whimsical' or falls outside 'the bounds of permissible choice in the circumstances." *United States v. Olea-Monarez*, 908 F.3d 636, 639 (10th Cir. 2018) (quoting *United States v. Mares*, 441 F.3d 1152, 1156 (10th Cir. 2006)).[1]

To find an abuse of discretion, the district court's actions must have "fall[en] outside 'the bounds of permissible choice in the circumstances.'" *Id.* A district judge not only has the authority, but also the "duty to guide the jury toward an intelligent understanding of the legal and factual issues . . . particularly when the jury asks a question revealing its confusion over the central issue of a case." *Id.* (internal citations omitted). The jury's question strongly suggested it was struggling to understand whether Mr. Billy's conduct constituted an assault, which was a threshold issue in determining whether he had committed assault with a dangerous weapon.

Moreover, the district court provided a modified definition from the Tenth Circuit's pattern jury instructions. Contrary to Mr. Billy's contention, the district

---

[1] The government contends that we should review for plain error, arguing that Mr. Billy failed to properly preserve the issue. *See United States v. Olea-Monarez*, 908 F.3d 636, 639 (10th Cir. 2018). Because we conclude there was no error, it makes no difference whether we apply plain error or abuse of discretion as the standard.

court's answer did not impermissibly comment on the facts. Providing such an official, vetted answer does not exceed the bounds of permissible choice.

Mr. Billy argues providing the jury with the definition of simple assault, without emphasizing the additional elements needed to constitute assault with a dangerous weapon, ran the risk of confusing the jury. Aplt. Br. at 15. We disagree and conclude that the district court acted well within its discretion in providing a legally accurate answer to the jury's question, particularly given the prior Instruction 11 on the elements required to find Mr. Billy guilty.

## III.  Conclusion

Mr. Billy has not shown that the district court abused its discretion by providing the jury with a definition of assault. Accordingly, we affirm.

Entered for the Court


Stephanie K. Seymour
Circuit Judge